Jordon Harlan, Esq. (CA #273978)
**HARLAN HILLIER DIGIACCO LLP**
701 Island Avenue, Second Floor
San Diego, CA 92101
Telephone: (619) 330-5120
Fax: (619) 839-3895
Email: jordon@hhdlaw.com

Michael K. Johnson, Esq. (MN #0258696)
*Pro Hac Vice to be filed*
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
mjohnson@johnsonbecker.com
akress@johnsonbecker.com
arick@johnsonbecker.com
***Attorneys for Plaintiff, Yasmeen Maklani***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**Fresno Division**

| | |
|---|---|
| **YASMEEN MAKLANI**, as successor in interest of her mother, **NORMA KASSIM**, deceased, <br><br> Plaintiff, <br><br> v. <br><br> **AMAZON.COM, INC.**, a Washington Corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. Wrongful Death CCP § 377.60; <br><br> 2. Survival Action CCP § 377.30: Strict Products Liability; and <br><br> 3. Survival Action CCP § 377.30: Negligence. |

Plaintiff, **YASMEEN MAKLANI** (hereafter referred to as "Plaintiff" or "Ms. Maklani"), on behalf of her mother, **NORMA KASSIM** ("Decedent" or "Ms. Kassim"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN HILLIER DIGIACCO LLP**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **AMAZON.COM, INC.**, and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. This wrongful death and survival action is brought pursuant to California Code of Civil Procedure §§ 377.60, 377.30 by Plaintiff on behalf of her late mother, Norma Kassim, after Ms. Kassim suffered serious and substantial injuries, which ultimately led to her untimely death, as the result of a "Bed Rails for Elderly Adults Safety with Adjustable Heights Storage Pocket Assist Support Side Railings for Seniors Citizens Slides Under Mattressbed Cane Medical Bed Guard Bed Handles Bars(White)" (hereafter "subject bed rail(s)") marketed, sold and distributed by Defendant, Amazon.com, Inc. ("Defendant" or "Amazon").

2. On or about July 18, 2023, Decedent's ex-husband purchased the subject bed rail from Amazon.com, Inc. (Order No. 114-1635325-0159468). A copy of the Order Summary is attached hereto as "Exhibit A".

3. On or about August 29, 2023, Plaintiff found the decedent, her mother, face down with her head between the mattress and the subject bed rail. According to police reports, "it was as if she had rolled into the position." Her cause of death was found to be positional asphyxiation.

4. On or about May 29, 2025, the Consumer Products Safety Commission recalled roughly 94,000 bed rails which, upon information and belief, includes bed rails substantially similar or identical to the bed rail at issue in this case because "[w]hen the bed rails are attached to a bed, users can become entrapped within the bed rail or between the bed rail and the side of the mattress." The recall also indicated that "the bed rails do not bear the required hazard warning labels." A copy of the Recall Notice

COMPLAINT AND DEMAND FOR JURY TRIAL

is attached hereto as "Exhibit B".

5.     Amazon marketed, distributed and sold these bed rails, including the subject bed rail, with defects that made them inherently dangerous to consumers, including Ms. Kassim.

6.     Consequently, Ms. Maklani, on behalf of her deceased mother, brings this case for actions of wrongful death pursuant to California Code of Civil Procedure § 377.60 and survival pursuant to California Code of Civil Procedure § 377.30 as a direct and proximate result of the negligence and strict products liability of Defendant, Amazon.com, Inc.

## PLAINTIFF, YASMEEN MAKLANI

7.     Plaintiff, Yasmeen Maklani is a resident and citizen of the City of Fresno, County of Fresno, State of California and is the successor in interest for her late mother, Norma Kassim.

8.     On or about July 18, 2023, Decedent's ex-husband purchased the subject bed rail from Amazon.com, Inc. (Order No. 114-1635325-0159468). *See*, Exhibit A.

9.     On or about August 29, 2023, Plaintiff found the decedent, her mother, face down with her head between the mattress and the subject bed rail. According to police reports, "it was as if she had rolled into the position." Her cause of death was found to be positional asphyxiation.

## DEFENDANT, AMAZON.COM, INC.

10.   Defendant Amazon markets, imports, distributes and sells a variety of consumer products, including the subject bed rail at issue in this case.

11.   Defendant Amazon is and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business located in Washington. Amazon does business in all 50 states. Amazon is therefore deemed to be a resident and citizen of the State of Washington for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

12.   At all times relevant, Amazon substantially participated in the marketing,

COMPLAINT AND DEMAND FOR JURY TRIAL

import, distribution and sale of the subject bed rail, which caused Plaintiff's injuries and damages.

## **JURISDICTION AND VENUE**

13.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14.    This Court has personal jurisdiction over this case in that Amazon regularly and persistently engage in the business of marketing distributing, advertising, and/or selling their products, including the subject bed rail, in the state of California and for use by consumers in the State of California, and has transacted and conducted business within the State of California that relates to the allegations in this Complaint.

15.    Defendant expected or should have expected its acts to have consequences within the State of California and derived substantial revenue from interstate commerce related to bed rails, including the subject bed rail, sold and used in the State of California.

16.    Defendant purposefully availed itself of the privilege of conducting activities within the State of California, thus invoking the benefits and protections of its laws.

17.    At all times relevant herein, Defendant conducted substantial business in California and purposely availed itself of the privilege of doing business in California by knowingly marketing, distributing, selling and shipping products, including bed rails like the subject bed rail, into California for sale to consumers in this state. Further, this action arises from Defendant's conduct directed toward California, arises from a tort committed in whole or in part within California, relates to Defendant's regular and persistent supply and sale of bed rails, and resulted in injuries in California. Therefore, personal jurisdiction is proper as to Amazon.

18.    Jurisdiction over the Defendant is also proper under the due process

COMPLAINT AND DEMAND FOR JURY TRIAL

provisions of the California and United States constitutions. *See e.g. Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff was and is a resident and citizen of this district, and a substantial part of the events or omissions giving rise to the claim occurred in the State of California.

## FACTUAL BACKGROUND

20. Amazon is in the business of marketing, importing, distributing, and selling the bed rails, including the subject bed rail, at issue in this litigation.

21. On or about July 18, 2023, Decedent's ex-husband purchased the subject bed rail from Amazon.com, Inc. (Order No. 114-1635325-0159468). *See*, Exhibit A.

22. On or about August 29, 2023, Plaintiff found the decedent, her mother, face down with her head between the mattress and the subject bed rail. According to police reports, "it was as if she had rolled into the position." Her cause of death was found to be positional asphyxiation.

23. On or about May 29, 2025, the Consumer Products Safety Commission recalled roughly 94,000 bed rails which, upon information and belief, includes bed rails substantially similar or identical to the bed rail at issue in this case because "[w]hen the bed rails are attached to a bed, users can become entrapped within the bed rail or between the bed rail and the side of the mattress." The recall also indicated that "the bed rails do not bear the required hazard warning labels." *See*, Exhibit B.

24. Plaintiff used the subject bed rail for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendant.

25. However, Defendant's bed rails possess defects that make them unreasonably dangerous for their intended use by consumers because of their propensity to cause consumers to become entrapped; just as it did to Ms. Kassim.

26. Defendant knew or should have known that its bed rails possessed defects that posed a safety risk to Plaintiff and the public. Nevertheless, Defendant ignored and/or concealed its knowledge of the bed rails' defects from the general public and

COMPLAINT AND DEMAND FOR JURY TRIAL

continued generating a substantial profit from the sale of its bed rails.

27. As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects and its failure to remove a product with such defects from the stream of commerce, Ms. Kassim used an unreasonably dangerous bed rail, which resulted in her untimely death

28. Consequently, Ms. Maklani, on behalf of her deceased mother, brings this case for actions of wrongful death pursuant to California Code of Civil Procedure § 377.60 and survival actions pursuant to California Code of Civil Procedure § 377.30 as a direct and proximate result of the negligence and strict products liability of Defendant, Amazon.com, Inc.

**FIRST CAUSE OF ACTION**

**WRONGFUL DEATH PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 377.60: WRONGFUL DEATH**

PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST AMAZON.COM, INC., ALLEGES AS FOLLOWS:

29. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30. Wrongful death is a specifically recognized cause of action under California law, and this cause of action is brought pursuant to California Code of Civil Procedure § 377.60,

31. The Plaintiff, Yasmeen Maklani, is the lawful heir of Norma Kassim under Code of Civil Procedure section 377.60, the wrongful death statute. A copy of Ms. Makalani's Declaration regarding the same is attached hereto as "Exhibit C"

32. These bed rails, including the subject bed rail, are unsafe due to their propensity to cause consumers to become entrapped; just as it did to Ms. Kassim.

33. These bed rails, including the subject bed rail, are unsafe and defective due to Amazon's failure to warn of the risks of entrapment.

34. Amazon knew or should have known about the defective nature of its bed

6

COMPLAINT AND DEMAND FOR JURY TRIAL

rails; yet failed to disclose this knowledge to hundreds or thousands of consumers, including Ms. Kassim's family, which ultimately resulted in her untimely death.

35.     As a direct and proximate result of the death of Ms. Kassim, her survivors have been deprived of the earnings, services, maintenance, guidance, tutelage, advice, counsel, support, comfort, assistance and society that they would have received from Ms. Kassim for the remainder of her natural life had his life not been tragically and prematurely lost.

36.     As a direct and proximate result of the acts/omissions of Defendant Amazon as set forth above, decedent, Norma Kassim, suffered injuries, including excruciating pain and suffering, mental anguish, terror, and knowledge of bodily injury and impending death. Norma Kassim has lost her life as set forth herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## SECOND CAUSE OF ACTION

### SURVIVAL ACTION PURSUANT CALIFORNIA CODE OF CIVIL PROCEDURE § 377.30: STRICT PRODUCTS LIABILITY

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGAINST AMAZON.COM.INC., ALLEGES AS FOLLOWS:

37.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38.     Plaintiff brings this cause of action pursuant to California Code of Civil Procedure § 377.30.

39.     At the time of Plaintiff's injuries, Defendant's bed rails were defective and unreasonably dangerous for use by foreseeable consumers, including Ms. Kassim.

40.     Defendant's bed rails were in the same or substantially similar condition as when they left the possession of the Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

41.    Neither Ms. Kassim nor her family misused or materially alter the bed rail.

42.    The bed rails did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

43.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the bed rails safe. Specifically:

   a. The bed rails sold and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Amazon failed to properly market, distribute, supply, and sell the bed rails, despite having extensive knowledge that the aforementioned injuries and deaths could and did occur; and

   d. Defendant failed to warn and place adequate warnings and instructions on the bed rails.

44.    At the time of Plaintiff's injuries, Defendant's bed rails were defective and unreasonably dangerous for use by foreseeable consumers, including Ms. Kassim.

45.    Before she died, Norma Kassim suffered pain and disfigurement. Such injuries are compensable under Code of Civil Procedure section 377.34(b).

46.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

///

COMPLAINT AND DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**

**<u>SURVIVAL ACTION PURSUANT CALIFORNIA CODE OF CIVIL PROCEDURE § 377.30: NEGLIGENCE/NEGLIGENT PRODUCTS LIABILITY</u>**

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGAINST AMAZON.COM, INC., ALLEGES AS FOLLOWS:

47.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

48.    Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective bed rails that are reasonably safe for its intended uses by consumers, such as Plaintiff.

49.    Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its bed rails in that Defendant knew or should have known that said bed rails created a high risk of unreasonable harm to the Plaintiff and consumers alike.

50.    Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its bed rails in that, among other things, it:

 a. The bed rails designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

 b. The seriousness of the potential injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

 c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the bed rails, despite having extensive knowledge that the aforementioned injuries could and did occur; and

 d. Defendant failed to warn and place adequate warnings and instructions on the bed rails.

COMPLAINT AND DEMAND FOR JURY TRIAL

51.     Despite the fact that Defendant knew or should have known that the head of the bed rails could unexpectedly detach, it continued to sell its bed rails, including the subject bed rail, to consumers, including Ms. Kassim's family.

52.     Before she died, Norma Kassim suffered pain and disfigurement. Such injuries are compensable under Code of Civil Procedure section 377.34(b).

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.     For a trial by jury pursuant to Rule 38, Fed. R. Civ. P.

B.      Judgment against Defendant;

C.      For such sums as actual and other compensatory damages in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

D.      For exemplary and punitive damages against Defendant, in an amount as a jury may determine to halt such conduct;

E.      For the costs of this suit, including attorney's fees; and

///

///

///

///

10

COMPLAINT AND DEMAND FOR JURY TRIAL

F.    For such other and further relief to which they may be entitled, that this Honorable Court deems just and proper.

**Date: August 14, 2025**                    **HARLAN HILLIER DIGIACCO LLP**

By: */s/ Jordon R. Harlan*
Jordon R. Harlan, Esq. (CA #273978)
701 Island Avenue, Second Floor
San Diego, CA 92101
Telephone: (619) 330-5120
Fax: (619) 839-3895
Email: jordon@hhdlaw.com

***In association with:***

**JOHNSON BECKER, PLLC**

Michael K. Johnson, Esq. (MN #0258696)
*Pro Hac Vice to be filed*
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
mjohnson@johnsonbecker.com
akress@johnsonbecker.com
arick@johnsonbecker.com

COMPLAINT AND DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: August 14, 2025**          **HARLAN HILLIER DIGIACCO LLP**

*/s/ Jordon R. Harlan*
Jordon R. Harlan, Esq. (CA #273978)

12
COMPLAINT AND DEMAND FOR JURY TRIAL